# EXHIBIT B



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/067,326 | 06/26/87 | BALDWIN | 17502 |

WILLIAM H. NICHOLSON
PATENT DEPARTMENT
MERCK & CO., INC.
POST OFFICE BOX 2000
RAHWAY, NJ 07065-0907

| EXAMINER |
|---|
| MULLINS, JC |

| ART UNIT | PAPER NUMBER |
|---|---|
| 122 | 5 |

DATE MAILED: 11/10/87

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined   ☐ Responsive to communication filed on _____   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire *three* month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I:   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**
1. ☑ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☑ Notice of Art Cited by Applicant, PTO-1449
4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☑ Claims _1-11_ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.
2. ☐ Claims _____ have been cancelled.
3. ☐ Claims _____ are allowed.
4. ☑ Claims _1-11_ are rejected.
5. ☐ Claims _____ are objected to.
6. ☐ Claims _____ are subject to restriction or election requirement.
7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.
8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.
9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).
10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).
11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.
12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.
13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. ☐ Other

PTOL-326 (Rev. 7-82)                   EXAMINER'S ACTION

Exhibit B

> 35 U.S.C. 101 reads as follows:
>
> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) and (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

Claims 1-11 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over the prior invention as set forth in claims 1-31 of U.S. patent no. 4,677,115. Although the conflicting claims are not identical, they are not patentably distinct from each other because the present claims include position isomers and adjacent homologs to the previously allowed prior art compounds which are obvious variations in view thereof.

Claims 1-5 and 8-11 are rejected under 35 USC 112, second paragraph, as being indefinite in the recitation of a "Y" group. The "Y" group as described in the body of the claims does not have basis in the formula which it is attempting to describe.

# EXHIBIT C

66266/5322A

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant    : J. J. Baldwin et al

Serial No.   : 067,326 - Case No. 17502            Art Unit: 7/a

Filed        : June 26, 1987                       Examiner: EBW

For          : SUBSTITUTED AROMATIC                          4/15-88
               SULFONAMIDES AS ANTIGLAUCOMA
               AGENTS

Commissioner of Patents and Trademarks             RECEIVED
Washington, D. C. 20231
                                                   APR 8 1988
                     AMENDMENT                     GROUP 120

In response to the Official Action of November 10, 1987, please amend this application as follows:

In the Application:

Add the name, Marcia E. Christy to the list of inventors.

In the Claims

Cancel Claims 8 and 9.

In Claim 1, page 72, delete the structure at line 5 and add in its place the structure

$a^1$ — [structure: ring fused to thiophene with $SO_2NH_2$ substituent]

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on the date appearing below.

MERCK & CO., INC.

By [signature]  Date 3/10/88

Exhibit C



6616S/5322A

U.S.S.N. 067,326
Case No. 17502
Page 3

13.
~~15.~~ A method of treating ocular hypertension comprising topical ocular administration to a patient in need of such treatment of an effective ocular antihypertensive amount of the compound of Claim 7.

### Remarks

Applicants have requested that the application be amended so that the inventive entity include Marcia E. Christy along with John J. Baldwin and Gerald S. Ponticello. In connection therewith, there is attached a Petition under 37 CFR §1.48, a verified Statement of the facts by the originally named inventors, a Declaration by each of the actual inventors under 37 CFR §1.63, the appropriate fee and consent of the assignee.

Claims 1-11 stand rejected under the judicially created doctrine of obviousness type double patenting as obvious over U.S. Patent 4,677,115. Applicants have included herewith an appropriate terminal disclaimer which is adequate to overcome this outstanding rejection. See MPEP 804.02.

Claims 1-5 and 8-11 stand rejected under 35 USC 112, second paragraph for failure to include a group "Y" in the structural formula. This has been remedied by amendment of the structural formula to conform with that on page 6, line 20 of the specification which does include a "Y".

# EXHIBIT D

6639S/5322A

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant | : J. J. Baldwin et al | |
| Serial No. | : 067,326 – Case No. 17502 | Art Unit: |
| Filed | : June 26, 1987 | Examiner: |
| For | : SUBSTITUTED AROMATIC SULFONAMIDES AS ANTIGLAUCOMA AGENTS | |

Commissioner of Patents and Trademarks
Washington, D. C. 20231

RECEIVED
APR 8 1988
GROUP 120

TERMINAL DISCLAIMER

UNDER 37 CFR §1.32(b)

I, MICHAEL C. SUDOL, JR., Assistant Director of Patents of the Petitioner, Merck & Co., Inc., 126 East Lincoln Avenue, Rahway, New Jersey 07065, hereby represent:

1. I am Assistant Director of Patents, Merck & Co., Inc. (the Petitioner). I am empowered to file this Disclaimer on behalf of the Petitioner, as evidenced by the attached copy of Merck & Co., Inc. Corporate Resolution.

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D. C. 20231, on the date indicated below.

MERCK & CO., INC.
[signature] 3/10/88

[stamp: PATENT & TRADEMARK OFFICE MAY 20 1988 CERTIFICATE OF CORRECTION BR.]

S 20095  05/27/88  067326        13-2755  020  140       56.00

Exhibit D

6639S/5322A

U.S.S.N. 067,326
Case No. 17502
Page 2

2. The Petitioner is the assignee of all right, title and interest of the above-identified application, Serial No. 067,326 and U.S. patent 4,677,115, issued June 30, 1987.

3. Both application Serial No. 067,326 and U.S. patent 4,677,115 described above in paragraph 2, are owned by Petitioner. Ownership of the patent is evidenced by the patent itself which shows Merck & Co., Inc. to be assignee, and by a copy of the assignment document attached hereto showing recordal on reel 4695, frame 0581. Ownership of the application is evidenced by a copy of an assignment by Baldwin and Ponticello of the invention to Merck & Co., Inc. and a copy of an assignment by Christy of the invention to Merck & Co., Inc., both of which have been forwarded to the Patent and Trademark Office for recordal.

4. In compliance with 37 CFR §1.321 to overcome an obviousness-type double patenting rejection based on U.S. patent 4,677,115, the Petitioner hereby disclaims the terminal part of any patent granted on Serial No. 067,326 which would extend beyond the expiration date of U.S. patent 4,677,115, that is, June 30, 2004. The Petitioner further agrees that any patent granted on Serial No.

6639S/5322A

U.S.S.N. 067,326
Case No. 17502
Page 3

067,326 shall be enforceable only for and during such period that said patent and U.S. patent 4,677,115 are commonly owned.

Michael C. Sudol, Jr.

Attachments